Howard R. SPINDEL, Plaintiff–
Appellant,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION, Defendant–
Appellee.

No. 07–35742.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2009.

Filed May 21, 2009.

Howard R. Spindel, Portland, OR, for Plaintiff–Appellant.

Neil J. Evans, Esquire, Office of the U.S. Attorney, Portland, OR, Michael McGaughran, Esquire, Social Security Administration, Office of the General Counsel, Richard Rodriquez, Esquire, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: W. FLETCHER, BEA, and IKUTA, Circuit Judges.

MEMORANDUM *

The Administrative Law Judge's (ALJ) decision is supported by substantial

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence in the record. The ALJ did not err in discounting Dr. Dunlap's opinion because it was conclusory and unsupported by clinical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.2004). Dr. Dunlap's statements regarding Spindel's substantial pain and restricted range of motion in his left shoulder were inconsistent with Dr. Barton's statement that Spindel experienced minimal residual symptoms and only "occasional discomfort." In addition, Dr. Dunlap's statements regarding Spindel's inability to function reliably due to drowsiness and poor concentration conflicted with Dr. Sandoval's objective test results and report, which stated that Spindel maintained a high level of intellectual functioning over a sustained period of time. Finally, Dr. Dunlap's conclusion did not take into account evidence that Spindel repeatedly stopped taking medications prescribed to control his psychological symptoms, and repeatedly refused treatment, issues the ALJ can consider in determining whether Spindel was disabled. *See* 20 C.F.R. § 404.1530; *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir.2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Our conclusion that substantial evidence supports the ALJ's determination on this issue is not affected by the additional letters submitted by Dr. Dunlap and Dr. Oken after Spindel's hearing. Although these letters support Spindel's interpretation of the evidence, the ALJ's interpretation was reasonable, and we must uphold the ALJ's conclusion where the evidence in the record is subject to more than one reasonable interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989).

▇▇▇ The ALJ considered appropriate factors and gave clear and convincing reasons for refusing to credit Spindel's testimony as to the severity of his symptoms. *See Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir.2007). The ALJ's rejection of Spindel's claim that he could function well for only one hour per day was supported by evidence of Spindel's consistent intellectual performance in the high-average to superior range over four hours of testing on two separate occasions, and the ALJ's rejection of Spindel's claim of constant drowsiness was supported by Spindel's testimony that he could safely drive ten to fifteen miles per week. *See id.* at 639. Moreover, the ALJ's adverse credibility determination was supported by Dr. Sandoval's treatment notes, which indicated that Spindel "may have exaggerated his symptoms to some extent," and by evidence that Spindel stopped taking prescribed antidepressant medications and resisted certain medical treatments. An "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can cast doubt on a claimant's sincerity. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989).

▇▇▇ Finally, the ALJ did not err in basing her decision on the hypothetical posed to the vocational expert. Although the hypothetical did not contain all of the impairments that Spindel claims limit his ability to work, the ALJ had no obligation to include limitations identified in reports of treating physicians or limitations based on Spindel's subjective testimony, both of which the ALJ had discredited. The ALJ may rely on testimony the vocational expert provides in response to a hypothetical that "contained all of the limitations that the ALJ found credible and [was] supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211,

1217 (9th Cir.2005); *see also Magallanes,* 881 F.2d at 756–57.

AFFIRMED.